UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES, 1-71, et al., ) <br> ) <br> Defendants. ) | Case No. 4:12CV01551 AGF |

## MEMORANDUM AND ORDER

This "BitTorrent swarm" copyright infringement suit is before the Court on the motions of three Doe Defendants. (Doc. Nos. 14, 15, and 18.) For the reasons set forth below, the motions of these Doe Defendants shall be granted in part and the claims against them severed from the claims against Carl Garrett for misjoinder under Federal Rule of Civil Procedure 21.

## BACKGROUND

Plaintiff West Coast Productions, Inc., commenced this action against 71 Doe Defendants, claiming that they violated its copyright to a movie by uploading and downloading it using a peer-to-peer ("P2P") file sharing client known as BitTorrent. According to the complaint, P2P networks are computer systems which allow users to make files stored on each user's computer system available for copying by other users, or peers; search for files stored on other users' computers; and transfer exact copies of files from one computer to the other via the internet. BitTorrent in particular allows users to share large files while minimizing the strain on computer networks. It does this by

breaking files into smaller parts, and then enabling the small parts to be downloaded from multiple other users, rather than downloading a single large file from one other user's computer. BitTorrent coordinates the downloading of the large file between hundreds and thousands of computers, and as the original user ("peer") downloads his or her copy it becomes available for other users to download. The collection of users who simultaneously share a file is known as a "swarm."[1]

Plaintiff alleged that some of the Defendants are Missouri residents and were part of a swarm that allowed them and others to steal Plaintiff's movie, "Total Black Invasion 2," in violation of its copyright. An exhibit attached to the complaint suggested that this swarm lasted approximately nine weeks, from March 5, 2012, until August 27, 2012. Plaintiff requested damages and injunctive relief against Defendants.

Plaintiff was only able to identify Defendants by their Internet Protocol ("IP") address and Internet Service Providers ("ISPs"). By Order dated October 16, 2012, the Court granted Plaintiff's request to take pre-service discovery to ascertain Defendants' identities and contact information by serving subpoenas, upon the ISPs.

The ISPs were directed to serve, on or before November 30, 2012, a copy of the subpoena on Defendants whose IP addresses were provided by Plaintiff. The Order, which was to be served on Defendants along with the subpoena, gave Defendants until January 16, 2013, to file a motion to contest the subpoena, and to do so anonymously. On December 19, 2012, January 11, 2013, and January 16, 2013, respectively, Does 39,

---

[1] See generally *Columbia Picture Indus., Inc. v. Fung*, 710 F.3d 1020, 1024-28 (9th Cir. 2013).

12, and 69 filed motions to quash the subpoenas, requesting leave to proceed anonymously and/or dismissal of the action against them for misjoinder of parties. Thereafter Plaintiff dismissed all but six of the Doe Defendants.

On May 15, 2013, Plaintiff filed a First Amended Complaint against three Defendants who were named personally, and against Does 12, 39, and 69. Although Plaintiff arranged for service of process on the three named Defendants,[2] there is nothing in the record to suggest any service upon Does 12, 39, and 69.

## **DISCUSSION**

Rule 20 of the Federal Rules of Civil Procedure permits, in relevant part, a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 permits a court to sever parties *sua sponte*. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Purzel Video GMBH v. Does 1-67*, No. 4:13CV450 (SNLJ), 2013 WL 3941383, at *1 (E.D. Mo. July 31, 2013) ("[D]istrict courts across the country are considering, *sua sponte*, the issue of whether [BitTorrent] Doe defendants are properly joined.").

When determining whether defendants are joined properly, the court should "liberally construe[ ] [the requirements] in the interest of convenience and judicial

---

[2]    One of the named Defendants, Carl Garrett, filed an answer. Plaintiff has since filed a motion for entry of default against one of the named Defendants, and it appears that the third named Defendant has not responded.

economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 342 (D.D.C. 2011) (citations omitted). If the defendants do not satisfy the test for permissive joinder, the court may sever the misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citation omitted). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

There is a split of authority nationally over whether it is appropriate to join in a single lawsuit many Doe defendants who are alleged to have participated in a single BitTorrent swarm. Relying on BitTorrent's architecture, some courts have concluded that Doe defendants' infringing activities arise from the same series of transactions or occurrences if the illegally downloaded torrent file's unique identifier links each Doe defendant to the same initial seed and swarm. *See, e.g., Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012).

This Court is persuaded by the contrary view taken by many courts, that Rule 20(a) joinder of numerous Doe Defendants is not proper in BitTorrent cases, especially where, as here, the Doe Defendants' activities spanned roughly nine weeks. The rationale for this view is expressed in *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011), as follows:

> Does No. 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue– or even participated in or contributed to the downloading by any of the

> Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Id*. at 1163 (citing numerous cases). The Court believes that these cases are well-reasoned and will follow their precedent.

Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a), the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice. Rule 20(a)'s purpose of promoting judicial economy and trial convenience would not be served by allowing multiple defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single case. *See, e.g., BMG Music v. Does 1-203*, No. CV-04-650, 2004 WL 953888, at *1 (E.D. Penn. Apr. 2, 2004) (noting that different defenses would create scores of mini-trials involving different evidence and testimony).

In addition, joinder of numerous defendants in a single case may cause them prejudice. Court proceedings would be hampered as each defendant would have the opportunity to be present with his or her attorney. Though defendants may have nothing in common other than their participation in a single BitTorrent swarm, they would be required to serve every other defendant with all pleadings. Also, each defendant would have the right to be present at all other defendants' depositions. "The combination of these hardships could make conducting litigation difficult for individual defendants."

*Bleiberg Entertainment, LLC v. Does 1-47*, No. CV-13-00595-PHX-GMS, 2013 WL 3786641, at *3 (D. Ariz. July 19, 2013).

Further, questions remain regarding personal jurisdiction over the Doe Defendants.  At best, Plaintiff alleges in its amended complaint that it "has used geolocation technology to determine that, upon information and belief, each Defendant may be found in this State," and that "geolocation technology places all Defendants within this State, many of which, upon information and belief reside in this District." (Doc. No. 30, ¶¶ 2 & 3.)  But there is nothing to suggest that Plaintiff knows *who* used the computers at issue, much less where they reside.

Recently, in *Night of the Templar, LLC v. Does 1-116*, this Court decided to follow the approach of finding joinder to be improper.  No. 4:12CV02022 (AGF), 2013 WL 4504368, at *4 (E.D. Mo. August 23, 2013).  As noted in *Night of the Templar*, another court in this District, after expressing the view that joinder of numerous Doe Defendants in BitTorrent swarm cases was likely not proper under Rule 20, severed Defendants on the basis of judicial economy and fairness.  *See reFX Audio Software, Inc. v. Does 1-97*, No. 4:13-CV-00409 (CEJ), 2013 WL 3766571 (E.D. Mo. July 16, 2013). Since then, at least one other court in this District has adopted this approach.  *See Purzel Video GMBH*, 2013 WL 3941383, at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Does 39, 12, and 69 are **GRANTED in part**. Does 39, 12 and 69 are hereby **SEVERED** from this action and the claims against them are **DISMISSED without prejudice**. (Doc. Nos. 14, 15, and 18.)

**IT IS FURTHER ORDERED** that within seven (7) days of the date of this Order, Plaintiff shall provide the relevant ISPs listed in Exhibit A to the First Amended Complaint related to Does 12, 39, and 69 (Doc. No. 30-1) with copies of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the ISPs will have 14 days from their receipt of a copy of this Memorandum and Order to provide copies to Does 12, 39, and 69, who received subpoenas prepared by Plaintiff in accordance with the Memorandum and Order issued on October 16, 2012. (Doc. No. 11.) The ISPs may provide copies to the Does using any reasonable means, including sending the copies to their last known address, transmitted either by first-class mail or via overnight service. Plaintiff shall be responsible to reimburse the ISPs for all direct costs of providing copies to the Does. An ISP that elects to charge for the costs shall provide a billing summary and cost report to Plaintiff.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2013.