UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:12CV01551 AGF |
| CARL GARRETT, JEFF RILEY, AND LAMONT BROOKFIELD, AND DOES 12 AND 39. | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Jeff Riley, formerly known as "John Doe 17," ("Defendant"). Plaintiff filed its first amended complaint on August 28, 2013, under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., seeking statutory damages, attorney's fees, costs, and injunctive relief for alleged willful copyright infringement and contributory copyright infringement against approximately 71 Doe Defendants.

# BACKGROUND

Plaintiff West Coast Productions, Inc. claims that Defendants violated Plaintiff's copyright on its movie, "Total Black Invasion 2," (the "Motion Picture") by downloading and uploading it with others using a peer-to-peer ("P2P") file sharing client known as

1

BitTorrent. Plaintiff alleges that Defendant Riley was part of a "swarm"[1] of BitTorrent users who acted in concert users to violate Plaintiff's copyright. An exhibit attached to the complaint suggests that this swarm was active from March 4, 2012, until August 27, 2012. Defendant's identity was disclosed to Plaintiff by Defendant's Internet Service Provider ("ISP") pursuant to a court order granting Plaintiff's request for early discovery. (Doc. No. 11.) Does 13-38, 40-68, 70-71, and 63 were dismissed on May 16, 2013.

Plaintiff filed its first amended complaint on May 15, 2013, naming Carl Garrett (formerly known as Doe 67), Jeff Riley, Lamont Brookfield (formerly known as Doe 16), and Does 16, 39, and 69. (Doc. No. 30). Plaintiff served the complaint and summons on Defendant on May 31, 2013. (Doc. No. 39). Defendant Riley failed to file an answer or otherwise respond to the complaint and the time to do so has expired. On July 12, 2013, Plaintiff filed a motion for entry of Clerk's default against Defendant Riley (Doc. No. 41.) Pursuant to Plaintiffs' request, the Clerk of the Court entered an Order of Default dated July 15, 2013. (Doc. No. 42.) On July 18, 2012, Plaintiff filed a motion for default judgment against Defendant for statutory damages under the Copyright Act in the sum of $9,250.00, attorney's fees and costs of $683.33, and injunctive relief. (Doc. No. 43.)

On September 30, 2013, the Court severed and dismissed the claims against Does 39, 12, and 69. Thereafter, the parties stipulated to the dismissal of Plaintiff's claims against Defendant Carl Garrett. On February 3, 2014, the Court denied the pending

---

[1] BitTorrent breaks files into small parts, and then enables the small parts to be downloaded from multiple users. The collection of users who simultaneously share a file is known as a "swarm." *See generally Columbia Picture Indus., Inc. v. Fung*, 710 F.3d 1020, 1024-28 (9th Cir. 2013).

2

motion for default judgment without prejudice to refiling pending the Plaintiff's dismissal of, or motion for default judgment against, Defendant Lamont Brookfield. Plaintiff dismissed its claims against Brookfield on February 6, 2014. Only Jeff Riley remains as a Defendant. As of the date of this order, Riley has not filed a response to Plaintiff's motion for default judgment, nor moved to vacate the entry of default.

## DISCUSSION

The liability of a defendant is established upon entry of default, and therefore once default is entered, the plaintiff is not required to establish its right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (applying the above principle to a copyright infringement case). Thus, the Court need only determine the amount of damages owed by Defendant to Plaintiffs.

A. **Statutory Damages**

Plaintiff requests statutory damages in the amount of $9,250.00. (Doc. No. 49.) In a copyright infringement case, the copyright owner may elect to recover, instead of actual damages, an award of statutory damages for all infringements involved in the action, with respect to any one work, in a sum of not less than $750 or more than $30,000 as the court considers just. 17 U.S.C. § 504(c)(1). Where, as here, willful infringement is alleged, the Court, in its discretion, may increase the award of statutory damages to a sum of not more than $150,000 per violation. 17 U.S.C. § 504(c)(2).

3

Under 17 U.S.C. § 504(c)(1), courts have wide discretion in determining the appropriate amount of statutory damages, but are urged to consider three main factors: "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind whether willful, knowing, or merely innocent." *Gnat Booty Music v. Creative Catering of Wadhams, LLC,* 761 F.Supp.2d 604, 609 (E.D. Mich. 2011).

Applying those considerations here, the Court concludes that the damages requested should be reduced. The Court first notes that there are no allegations that Defendant reaped profits[2] as a result of the infringement. And the expense saved by Defendant, the cost of purchasing the Motion Picture for private use, is minimal. The Court further notes that the asserted factual basis for Plaintiff's allegation of willful conduct is less than compelling. Plaintiff's factual allegations provide only that Defendants presumably had notice of Plaintiff's copyright by virtue, "at least," of a copyright notice on the DVD case for the Motion Picture. *See, e.g.,* Doc. No. 1 ¶¶ 33 & 48. There are no allegations, however, that this Defendant possessed or saw a DVD cover and the manner in which Defendant allegedly viewed the Motion Picture suggests the contrary. In addition, Plaintiff alleges that notice of the copyright violation was sent

---

[2]  Plaintiff alleges that every participant in the swarm not only downloaded the Motion Picture but also "distributed" the Motion Picture because each participant had the ability to upload it to the web. Apart from noting this capability, Plaintiff does not allege that swarm participants actually distributed the Motion Picture for profit.

4

to attorneys for the entity hosting the BitTorrent website used by the swarm, but not that Defendant received such notice. *See* Doc. No.1-7.

Moreover, the Court is not persuaded by Plaintiff's reliance on *Capitol Records, Inc. v. Thomas-Rasset*, where the Eighth Circuit vacated the trial court's remittitur of a jury award of $9,250.00 per work in statutory damages for the illegal infringement of 24 copyrighted works. *See* 692 F.3d 899, 902 (8th Cir. 2012). In that case, the Eighth Circuit Court concluded that the actions of an individual consumer, lacking any profit motive, to download and distribute copyrighted recordings constituted "an aggravated case of willful infringement" and that the jury award was not excessive and appropriate to provide a deterrent against such infringement. *Id.* at 908-09.

The Court is not persuaded that this case involves the same considerations as *Capitol Records*. In that case, the defendant acted alone to infringe 24 works and received, but ignored, warnings that her conduct violated the plaintiffs' copyright. *Id.* at 902-03. In addition, there was evidence that she attempted to avoid detection by replacing her hard drive following the receipt of these warnings. Here Defendant, acting with seventy others, infringed a single copyrighted work and there are no factual allegations that Defendant received or ignored such warnings or acted to cover up his conduct.

Further, in *Capitol Records* juries had twice awarded the plaintiffs statutory damages in excess of $1,000,000, based, at least in part, on evidence of the actual damages plaintiffs suffered. *Id.* at 901-02. In this case, Plaintiff alleges a considerably lesser injury estimating its actual damages as $30,000 in lost DVD sales (not profits) to

5

the swarm participants and the infringers it asserts Defendant materially aided. *See* Doc. No. 43-1. Moreover, and perhaps most crucially, in this case Plaintiff alleges that its loss resulted from the concerted actions of approximately seventy defendants, and not from Defendant's actions alone. Nor does Plaintiff assert that Defendant's act, the downloading of a fraction of the Motion Picture, was sufficient, of itself, to accomplish duplication of the entire Motion Picture and therefore to cause lost profits of the magnitude Plaintiff alleges.

The Court recognizes that the strong public interest in the protection of copyrights and that the statutory provisions at issue here are designed not only to compensate for, but also to deter wrongful conduct. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984). The Court is also mindful of the principle that statutory damages should provide some "restitution of profit and reparation for injury." *Capitol Records, Inc.*, 692 F.3d 899, 910 (internal quotations omitted). Nevertheless, it seems inherently inequitable that this Defendant, whose conduct has not been alleged to be more egregious or culpable than the others originally named, should be held responsible in default for the entire award originally sought from 71 defendants on the basis of concerted action.

Considering the relationship of the requested award to the actual damages alleged and the number of participants in the swarm, the Court is convinced that an award of $9,250.00 is excessive here. *See id*. at 907 (quoting *St. Louis, M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919)(holding that statutory damages may not be "so severe and oppressive as to be wholly disproportioned to the offense and obviously

unreasonable")). There is no indication in the record of the amount of Plaintiff's lost profits, but Plaintiff's statutory damage request is less than a third of its estimated lost sales. Nevertheless, dividing the larger lost sales of $30,000 by 71, the number of original defendants, results in damages of $422.53 per individual defendant. The $9,250 statutory damage request is 21 times greater than this value. Even after recognizing the deterrent purpose of statutory damages and the manner in which they differ from compensatory damages, the Court sees no basis here for awarding statutory damages 21 times greater than Defendant's share of the estimated actual loss.

Taking into account all the factors discussed above, the Court concludes that awarding statutory damages in the amount of $3,250.00 accomplishes the statutory purposes of compensation and deterrence in a proportionate and reasonable manner. *See Capitol Records, Inc.*, 692 F.3d at 899.

### B. Injunctive Relief

Plaintiff seeks permanent injunctive relief enjoining Defendant from infringing Plaintiff's rights in the Motion Picture. Plaintiff also seeks injunctive relief requiring Defendant to destroy all copies of the film made or used by him in violation of Plaintiff's copyright, as well as all masters in his possession from which such copies may be reproduced.

Under the Copyright Act, a court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). Further, a "court may order the destruction or other reasonable

disposition of all copies … found to have been made or used in violation of the copyright owner's exclusive rights."  17 U.S.C. § 503(b).

A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (applying these principles in the context of patent infringement).

Plaintiff has established, albeit somewhat weakly, a willful infringement, and the first two requirements for injunctive relief often are presumed to flow from such a violation.  *See Capitol Records, Inc. v. Thomas-Rasset*, 799 F. Supp. 2d 999, 1014 (D. Minn. 2011), *rev'd on other grounds, Capitol Records, Inc.*, 692 F.3d at 899.  But even without this presumption the Court would conclude that these two elements are present here.  Requiring Plaintiff to accept a continuing possibility of repeated infringement and another suit for damages as its sole recourse is unreasonable and demonstrates both irreparable harm and the inadequate nature of a legal remedy alone.  *See Capitol Records, Inc.* 799 F. Supp. 2d at 1014.

With respect to the second two factors, the Court notes that the hardship to Plaintiff resulting from past infringement and the possibility of continuing infringement clearly outweighs any burden that might flow from requiring Defendant to refrain from infringing.  *See id.* at 1015.  In addition, the strong public interest in preserving

intellectual property rights mandates a conclusion that the public interest is served rather than harmed by the issuance of an injunction here. *See id.* Therefore, the Court concludes that Plaintiff's request for injunctive relief should be granted.

### C. Attorney's Fees and Costs

Under the Copyright Act, as a part of the remedy for infringement, "the court may award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. A district court's "'equitable discretion' to award such fees to a prevailing party is 'to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act.'" *Pearson Educ., Inc. v. Almgren,* 685 F.3d 691, 695-96(8th Cir. 2012) (quoting *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006)).

Plaintiff has submitted a sworn, notarized declaration supporting its request for attorney's fees in the amount of $480.00. *See* Doc. No. 49-1. This was not a frivolous action and there is no indication that requested fees are inflated or unreasonable. Therefore, the Court will award Plaintiff its attorney's fees. Plaintiff's costs, consisting of the filing fee and cost of service of the summons also are reasonable and customary and will be awarded as well. *Id.*

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Jeff Riley is **GRANTED.** (Doc. No. 49.)

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recover statutory damages in the sum of $3,250.00, and costs and attorneys' fees in the sum of $683.33.

**IT IS FURTHER ORDERED** that Defendant Jeff Riley is permanently enjoined from direct or contributory infringement of Plaintiff's rights in the copyrighted Motion Picture at issue in this suit, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Motion Picture, or to make the Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

**IT IS FURTHER ORDERED** that Defendant shall destroy all copies of the Motion Picture made or used by him in violation of West Coast Production's exclusive rights, as well as all masters in his possession from which such copies may be reproduced.

A separate Default Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2014.